FILED

2011 Jul-12  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **REBECCA U. GALEY,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **CASE NO. 2:10-cv-01930-SLB** |
| | } | |
| **CHARTER   COMMUNICATIONS, LLC,** | } | |
| | } | |
| **Defendant.** | } | |

### MEMORANDUM OPINION

This case is currently before the court on defendant Charter Communications, LLC's Motion to Compel Deposition of Plaintiff and to Compel Plaintiff to Provide Responses to Written Discovery Prior to Her Deposition.  (Doc. 10.)[1]  In the motion, defendant "moves the [c]ourt for an Order compelling [p]laintiff Rebecca Galey . . . to make herself available for deposition" and "further moves the [c]ourt to compel [p]laintiff to respond fully and without objection to [d]efendant's First Set of Interrogatories and First Set of Requests for Production at least three full business days prior to the date set for the deposition of [p]laintiff."  (*Id.* at 1.)  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the motion is due to be granted.[2]

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] The type of conduct engaged in by plaintiff's counsel (discussed in detail below) needlessly consumes the court's valuable time and resources, unnecessarily prolongs litigation in this court, and does a disservice to the plaintiff and the defendant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. THE DEPOSITIONS

On October 12, 2010, the court entered a Scheduling Order to govern further proceedings in this case. (*See* doc. 8.)  Pursuant to the Scheduling Order, all discovery was to be "commenced in time to be completed by March 25, 2011." (*Id.* at 2.)  On February 23, 2011, defendant's counsel, Kelly D. Reese, during a telephone conversation with plaintiff's counsel, Trey Abbott, requested dates on which plaintiff could be made available for deposition. (Doc. 10 at 2.)  That same day, counsel for plaintiff sent an e-mail to counsel for defendant and stated that he would "get with [plaintiff's co-counsel,] John [Saxon,] regarding possible deposition dates" for plaintiff. (Doc. 10-1 at 1.)  Plaintiff's counsel, however, did not provide the dates for plaintiff's deposition. (Doc. 10 at 2.)

As a result of counsel for plaintiff's failure to provide dates for plaintiff's deposition, defendant's counsel sent an e-mail to plaintiff's counsel on March 15, 2011, asking: "Where are we on the deposition date for the Plaintiff?" (Doc. 10-2.)  On March 16, 2011, plaintiff's counsel responded by calling defendant's counsel to inform him that he was still checking on dates and would get back with him regarding a date for plaintiff's deposition. (Doc. 10 at 2.)  Plaintiff's counsel noted that his office was set for depositions or hearings every day except Friday of the following week (the last week of discovery), but that he believed an agreeable time could be found for depositions, even if

a conflict presently existed.  (Doc. 12 at 1.)  Again, however, plaintiff's counsel did not

follow up to provide defendant dates for plaintiff's deposition.  (Doc. 10 at 2.)

Defendant's counsel then sent another email to plaintiff's counsel on March 18,

2011, stating:

> I am following up on our telephone conversation of Wednesday. I have not
> heard anything back from you about available dates for your client's
> deposition next week. As we discussed, I am amenable to extending
> discovery for a week or ten days ***solely*** to accommodate the scheduling of
> her deposition. You also indicated that you were working on responses to
> our discovery requests. As I indicated, I will need those at least three days
> in advance of your client's deposition. Obviously, I need to know where we
> stand.

(Doc. 10-3 at 1 (emphasis added).)[3]  After receiving this email, plaintiff's counsel

immediately called defendant's counsel.  During that conversation, counsel for plaintiff

stated that he did not know whether it would be possible to schedule the deposition of

plaintiff prior to the discovery deadline of March 25, 2011.  Plaintiff's counsel further

stated that he might agree to an extension of the discovery deadline to allow the

deposition of plaintiff *if* defendant would agree to produce a witness for deposition

pursuant to Fed. R. Civ. P. 30(b)(6).  (Doc. 10 at 3.)  Counsel for defendant then advised

---

[3] Plaintiff's counsel contends that defendant's counsel, prior to the e-mail of March 18, 2011, (doc. 10-3), "did not suggest" or "lead . . . [him] to believe" that the extension of the discovery deadline sought by defendant's counsel was solely for the purpose of securing plaintiff's deposition.  (Doc. 12 at 1-2.)  However, there is no evidence, and plaintiff's counsel does not contend, that a 30(b)(6) deposition was discussed during the telephone conversation of March 16, 2011 or at any other time prior to March 18, 2011.  Indeed, it appears that all of the deposition-discussions prior to March 18, 2011, related solely to the deposition of plaintiff.  The court sees no reason why defendant's counsel, in discussing an extension of the discovery deadline, would have been discussing an extension of that deadline to accommodate a Rule 30(b)(6) deposition, unless plaintiff's counsel had asked for, or noticed, such a deposition.

plaintiff's counsel that plaintiff's *first time* request for a Rule 30(b)(6) deposition could not be accommodated because it was too close to the discovery deadline. (*Id.*)

Later in the evening on March 18, 2011, after defendant's counsel had left the office, plaintiff's counsel called defendant's counsel and left a voicemail message stating that he was willing to make plaintiff available for deposition any time during the last week of discovery, but only if defendant would also agree to a Rule 30(b)(6) deposition. (Doc. 13-1 at 2-3.)  More specifically, the voicemail message stated, in relevant part:

> Kelly, hey this is Trey Abbott from John Saxon's office. I was just wanting to let you know I talked to him [John Saxon] about Galey depositions and he told me that if we can find a date next week we will put Rebecca [Galey] up on whatever date you have available if you will agree to a 30(b)(6) depo and if we can't work that out then we can explore some other options on Monday **but essentially if we're not going to get a 30(b)(6) depo then we're not going to put Rebecca up without something being filed.**

(*Id.* (emphasis added).)  After receiving the above voicemail message, defendant's counsel, on March 21, 2011, sent a letter via email, with an enclosed deposition notice, to plaintiff's counsel. (Doc. 10-4.)  The letter stated, in pertinent part:

> As you know, I have been attempting to schedule the deposition of your client since at least February 23, 2011. I have made several attempts since then to schedule her deposition with you. I have now received your voicemail indicating that you can make Plaintiff available for deposition this week, but will do so only if Charter will agree to put up a Rule 30(b)(6) witness for deposition. As we discussed last Friday, Charter's position is that your first-time request for a Rule 30(b)(6) deposition, coming after 5:00 p.m. on Friday March 18, 2011, comes too late given the approaching discovery deadline. Since you have indicated in your last voicemail to me that you could, from a scheduling standpoint, make your client available for deposition anytime this week, I am enclosing herewith a Notice of Deposition for Rebecca Galey for March 25, 2011 at 10:00 a.m. at the offices of Littler Mendelson in Birmingham, Alabama. Having said that, I realize that you have indicated that you are not willing to go forward with the deposition absent an agreement on my part to make available a Rule

30(b)(6) deponent. Because you have indicated that I will have to file
something with the court before you will otherwise make Plaintiff available
for deposition, I will be filing a motion to compel.

(*Id.* at 1.)

## B. PLAINTIFF'S DISCOVERY RESPONSES

On February 4, 2011, defendant served its First Set of Interrogatories and First Set
of Requests for Production on plaintiff.  (*See* doc. 10-5 at 15 and 24.)  Plaintiff's
responses were thus originally due on March 7, 2011.  *See* Fed. R. Civ. P. 33 & 34.[4]  On
March 16, 2011, counsel for defendant spoke with plaintiff's counsel via telephone about
the status of the overdue discovery responses.  (Doc. 10 at 5; doc. 12 at 4; *see* doc. 10-3.)
During the conversation of March 16, 2011, plaintiff's counsel requested an extension of
time to complete the written discovery.  (Doc. 12 at 4; *see* doc. 10-3.)  Defendant's
counsel agreed to an extension as long as plaintiff's responses were served at least three
days in advance of plaintiff's deposition.  (Doc. 10-3.)  Plaintiff's deposition was noticed
for March 25, 2011.  (Doc. 10-4 at 2-3.)  Plaintiff did not provide her written discovery
responses three days in advance of that date.  As of the date of the hearing on the Motion
Compel (April 21, 2011), the written discovery responses had not been provided to
defendant.

---

[4] The time limits for responding to interrogatories and requests for production, as set
forth in the Scheduling Order, mirror the time limits set forth in Fed. R. Civ. P. 33(b)(2) and
34(b)(2)(A).  (*See* doc. 8 at 2.)  Specifically, the Scheduling Order states that "[r]esponses
to [interrogatories and requests for production are] due 30 days after service."  (*Id.*)

**C. DEFENDANT'S MOTION TO COMPEL**

Consistent both with plaintiff's invitation for defendant to file a motion to compel, (*see* doc. 13-1 at 2-3), and with counsel for defendant's letter to plaintiff's counsel dated March 21, 2011, (*see* doc. 10-4 at 1), defendant filed the instant motion to compel. (Doc. 10.) Plaintiff filed a Response to Defendant's Motion to Compel Deposition of Plaintiff and to Provide Responses to Written Discovery Prior to Her Deposition. (Doc. 12.) Defendant then filed a Reply Memorandum In Further Support of Its Motion to Compel. (Doc. 13.) The court held oral argument on April 21, 2011.

## II. DISCUSSION

Fed. R. Civ. P. 37 compliments Fed. R. Civ. P. 30, 33, and 34 and details the procedure for when a party fails to cooperate with discovery. Specifically, Rule 37 states that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." *Id.* at (a)(3)(B). Pursuant to Rule 37, defendant "requests that this [c]ourt: (1) order [p]laintiff to appear for her deposition in Birmingham, Alabama on March 25, 2011 as noticed, or on a subsequent date . . . under threat of dismissal should she fail to comply; and (2) order [p]laintiff to fully respond and without objection to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents by providing them to [d]efendant at least 72 hours prior to her deposition." (Doc. 10 at 7.) In response, plaintiff states that she "certainly intends to respond to discovery by the time agreed to by [d]efendant, or earlier if this [c]ourt requires[,]" and requests that "this [c]ourt grant [d]efendant's motion to compel only to

6

the extent that [p]laintiff be allowed the mutual opportunity to depose [pursuant to Fed. R. Civ. P. 30(b)(6)] [d]efendant's corporate representative."  (Doc. 12 at 5.)

## A. THE DEPOSITIONS

### 1. Plaintiff's Deposition

Fed. R. Civ. P. 30(a)(1) sets forth the standard for oral deposition-discovery.  Rule 30(a)(1) provides that: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."  Fed. R. Civ. P. 30(b)(1) governs the "Notice of the Deposition" requirements.  Rule 30(b)(1) provides, in pertinent part: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party.  The notice must state the time and place of the deposition and, if known, the deponent's name and address."

The court finds that plaintiff is subject to Rule 30(a)(1), that plaintiff does not fall under any of the exemptions outlined in Rule 30(a)(2), and that defendant properly noticed plaintiff's deposition pursuant to Rule 30(b)(1).  (*See* doc. 10-4 at 2-3.)  Plaintiff, however, without lawful justification, failed to appear at her deposition as noticed for March 25, 2011.  As defendant correctly points out, "[p]laintiff's unwillingness to make herself available has nothing to do with any scheduling conflict but is wholly based upon her efforts to leverage a last-minute Rule 30(b)(6) deposition . . . ."  (Doc. 10 at 6-7.)  Plaintiff does not dispute this fact.  Indeed, plaintiff states in her response to the motion to compel that "[p]laintiff's counsel would have willingly put their client up before or after the March 25, 2011, discovery deadline, had [d]efendant likewise been the least bit

willing to allow [p]laintiff the mutual opportunity to depose his client." (Doc. 12 at 4.) Plaintiff's position lacks merit.

"Plaintiff's discovery obligations are not solely dependant on the compliance of the [d]efendant with the rules; rather, the parties' obligations are independent of each other."[5] *Britton v. Nahon, Saharovich & Trotz, PLLC*, 07-2443, 2008 WL 782475, *2 (W.D. Tenn. Mar. 20, 2008). "[T]he Federal Rules do not contemplate that depositions are to be held hostage by requiring quid pro quo responses when setting depositions." *Mancuso v. D.R.D. Towing Co., LLC*, 05-2441, 2006 WL 851398, *1 (E.D. La. Mar. 14, 2006). It is for the court, not for plaintiff or plaintiff's counsel, to decide whether plaintiff must appear at her timely and properly noticed deposition. *See Convolve, Inc. v. Compaq Computer Corp.*, 00 Civ. 5141 (JSM), 2000 WL 1480363 (S.D.N.Y. Oct. 6, 2000) ("Under the Federal Rules' liberal discovery regime, without judicial intervention[,] a party can neither assert priority in discovery nor make its responses to another party's discovery requests contingent upon reciprocal compliance."). Rather than conditioning her deposition on a quid pro quo 30(b)(6) deposition, plaintiff should have moved for a protective order if she desired to avoid her deposition. Because plaintiff failed to move for a protective order and failed to offer a ***lawful*** justification for her dilatory tactics and refusal to attend her deposition, defendant's motion to compel plaintiff to appear for her deposition in Birmingham, Alabama is due to be granted.

## 2. Rule 30(b)(6) Deposition

[5] This citation is offered to illustrate the frivolity of plaintiff's position. Defendant and its counsel have complied with the Federal Rules of Civil Procedure.

8

Fed. R. Civ. P. 30(b)(6) permits a party to notice the deposition of an entity or organization and requires that the notice "describe with reasonable particularity the matters for examination." Upon receiving a notice, the entity or organization must "designate one or more officers, directors, or managing agents, or designate other persons to testify on its behalf; and it may set out the matters on which each person designated will testify . . . ." *Id.* As to defendant's request that the court grant defendant's motion to compel only to the extent that plaintiff be allowed the mutual opportunity to depose a 30(b)(6) witness, (*see* doc. 12 at 5), three points merit consideration.

First, unlike plaintiff's failure to appear at her deposition, which was properly noticed pursuant to Rule 30(b)(1), defendant's failure to produce a Rule 30(b)(6) deponent is not actionable or sanctionable because plaintiff failed to serve defendant with ***any*** notice of the proposed 30(b)(6) deposition. *See* Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 30(b)(6). As defendant correctly points out, in the absence of notice describing with "reasonable particularity the matters for examination[,]" Fed. R. Civ. P. 30(b)(6), defendant "clearly could not have agreed to any deposition date because it would not have known which person or persons to designate to testify, how to check on their availability, whether the subject matter areas on which testimony might be sought are discoverable in this case, etc. . . . . " (Doc. 13 at 3.)  Plaintiff's informal request to depose a 30(b)(6) witness neither provided sufficient notice under Rule 30(b)(6) nor gave rise to any obligation for defendant to appear for deposition. *See* Fed. R. Civ. P. 30(b)(6); *cf. Pogue v. Chandler*, 2:06cv148-MHT, 2007 WL 891159, *3 (M.D. Ala. Mar. 21, 2007)

("Plaintiff's verbal request that defense counsel have defendants present on the day of plaintiff's deposition so that plaintiff could depose them was not a sufficient notice under Fed. R. Civ. P. 30(b) and did not give rise to any obligation for defendants to appear for deposition.").

Second, plaintiff's request for a reciprocal 30(b)(6) deposition is embedded in her response to plaintiff's motion to compel.  (*See* doc. 12.)  Plaintiff has not sought relief pursuant to Fed. R. Civ. P. 37 for defendant's refusal to produce a 30(b)(6) deponent.  *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion . . . [and] must be in writing . . .[,] state with particularity the grounds for seeking the order[,] . . . and state the relief sought.").  Rather than seeking a quid pro quo deposition, if plaintiff believed she was entitled to depose a 30(b)(6) witness (and defendant disagreed), plaintiff should have noticed the deposition and filed a motion to compel (as defendant did).

Third,  plaintiff had the entire discovery period in this case, which was more than five months, to notice a deposition pursuant to Fed. R. Civ. P. 30(b)(6).  Plaintiff did not utilize the five-month period.   Plaintiff's counsel contends that "[g]iven the traditional practice of the Plaintiff being deposed first, . . . [he] waited until that subject was broached to raise the topic of a 30(b)(6) deposition."  (Doc. 12 at 4.)  Fed. R. Civ. P. 26(d), however, states that "unless, on motion, the court orders otherwise[,] . . . methods of discovery may be used in any sequence . . . and . . . discovery by one party does not require any other party to delay its discovery."  Moreover, defendant's counsel broached the subject of plaintiff's deposition as early as February 23, 2011, while plaintiff waited

until almost a month later (and one week before the discovery deadline) to raise the topic of a Rule 30(b)(6) deposition.  As a result, the court finds that the "traditional practice" excuse is incredible and that the now precarious situation facing plaintiff's attorneys is one of their own making.

Despite these three points, based on this court's strong preference for the resolution of disputes on the merits, *see Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984), as well as the "broad and liberal treatment" accorded to the deposition-discovery rules, *Hickman v. Taylor*, 329 U.S. 495, 507 (1947), the court, in its discretion, will authorize plaintiff to conduct a single Rule 30(b)(6) deposition of defendant.[6]

## B. PLAINTIFF'S DISCOVERY RESPONSES

Fed. R. Civ. P. 33 governs the service of interrogatories on other parties.  Under Rule 33, after a party has served interrogatories on another party, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."  *Id.* at (b)(2).  Further, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  *Id.* at (b)(3).  "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  *Id.* at (b)(4); *see also Jaffe v. Grant*, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986)

---

[6] In future cases, the court will not allow plaintiff's attorneys to take reciprocal, unnoticed depositions after the time for discovery has passed.

(noting that an objection based on Fifth Amendment privilege was waived by failing to timely assert such privilege in response to discovery request).

Fed. R. Civ. P. 34 governs the production of documents.  As with Rule 33, Rule 34 states that "[t]he party to whom the request is directed must respond in writing within 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."  *Id.* at (b)(2)(A).  And again, if the responding party fails to timely object to the production requests, any later objections are waived unless the court excuses the failure.  *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08cv498/MCR/EMT, 2009 WL 1660137, at *4 (N.D. Fla. June 15, 2009) ("As a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."); *see also* Fed. R. Civ. P. 34(b) advisory committee's notes (stating that the procedure under Rule 34(b) "is essentially the same as that in Rule 33").

Plaintiff's discovery requests, pursuant to the extension agreed to by counsel for defendant and counsel for plaintiff, were due three days in advance of plaintiff's deposition.  Since plaintiff's deposition was noticed and due to be taken on March 25, 2011, plaintiff's written discovery responses were due, at the latest, on March 22, 2011. It is immaterial that plaintiff's counsel was aware that plaintiff would not be appearing at her deposition as noticed.  Plaintiff failed to respond to defendant's interrogatories and production requests by March 22, 2011, and did not move for a protective order. Consequently, the court finds that plaintiff has waived any objections to defendant's

discovery requests, *see, e.g., Deforest*, 2009 WL 1660137 at \*4, and that defendant's

motion to compel written discovery is due to be granted.

## C. COSTS AND ATTORNEY'S FEES

In the motion to compel, defendant "requests its reasonable costs and attorney's

fees incurred in preparing this motion." (Doc. 10 at 8.)  Fed. R. Civ. P. 37 provides that

the failure to appear for a deposition after being properly noticed and failure to serve

answers after being served with interrogatories or requests for production are grounds for

sanctions.  Fed. R. Civ. P. 37(d)(1)(A); *see Wouters v. Martin Cnty*, 9 F.3d 924, 933 (11th

Cir. 1993) ("Sanctions allowed under Rule 37 are intended to 1) compensate the court and

other parties for the added expense caused by discovery abuses, 2) compel discovery, 3)

deter others from engaging in similar conduct, and 4) penalize the offending party or

attorney.") (citations omitted).  Rule 37 also provides that "[i]nstead of or in addition to

. . . sanctions, the Court ***must*** require the party failing to act, the attorney advising that

party or both, to pay the reasonable expenses, including attorney's fees caused by the

failure, unless the failure was substantially justified or other circumstances make an

award of expenses unjust."  Fed. R. Civ. P. 37(d)(3) (emphasis added).

As discussed above, plaintiff, after being properly served, failed to appear for her

deposition and failed to respond to defendant's interrogatories and requests for

production.  Although counsel for plaintiff refused to produce plaintiff for her deposition

because in his view the discovery sought was objectionable in that defendant refused to

produce a reciprocal 30(b)(6) deponent, Rule 37 expressly provides that a failure to

appear for deposition as "described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)."[7]   Fed. R. Civ. P. 37(d)(2).  Plaintiff did not file a motion for protective order.  Even if she had, the court questions whether defendant's refusal to recognize plaintiff's informal request for a reciprocal 30(b)(6) deposition, which was made for the first time one week before the discovery deadline, would substantially justify plaintiff's failure to attend her deposition.  *See In re Steffen*, 433 B.R. 879, 883-84 (M.D. Fla. 2010) (citing *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co*, 748 F.2d 602 (11th Cir. 1984); *Kelly v. Old Dominion Freight Line, Inc.*, 09-14490, 2010 WL 1676772 (11th Cir. Apr. 27, 2010)) ("Sanctions for failure to appear at a deposition can be ordered in spite of a pending motion for protective order if that motion is found to be untimely, frivolous, or otherwise for the purpose of avoiding the taking of a deposition.").  In any event, the court finds that plaintiff's failure to appear at her deposition as noticed and failure to respond to defendant's written discovery was not substantially justified.  The court also finds that other circumstances that would make an award of expenses unjust are not present here.  Therefore, although the court stops short of imposing sanctions because no motion for sanctions was filed, the court (as it must pursuant to Fed. R. Civ. P. 37(d)(3)), will require

---

[7] Rule 26(c)(1) provides: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

plaintiff's counsel to pay the reasonable expenses, including attorney's fees, incurred by defendant in preparing the instant motion to compel.[8]

## CONCLUSION

For the foregoing reasons, defendant's Motion to Compel Deposition of Plaintiff and to Compel Plaintiff to Provide Responses to Written Discovery Prior to Her Deposition, (doc. 10), is due to be granted.  Plaintiff's request for a deposition pursuant to Rule 30(b)(6), (doc. 12 at 5), will also be granted.  An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE**, this 12th day of July, 2011

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] The court will require counsel for plaintiff, not plaintiff, to pay the reasonable expenses, including attorney's fees, because the court finds that plaintiff's failure to attend her deposition was caused by plaintiff's counsel. At the hearing on the Motion to Compel, counsel for plaintiff admitted that plaintiff's failure to attend her deposition was caused by plaintiff's attorneys, not plaintiff.